**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02075-NYW

NICOLAS SANTIAGO ROJAS-OSPINA,

　　　Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,[1]
TODD LYONS,
MARKWAYNE MULLIN,
TODD BLANCHE, and
DAREN K. MARGOLIN,

　　　Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Petitioner Nicolas Santiago Rojas-Ospina ("Petitioner") is a Colombian national who entered the United States in 2022 and was apprehended at the border. [*Id.* at ¶ 2]. He "received a positive credible fear determination" and was released from custody "after enrolling in the Alternatives to Detention ('ATD') program." [*Id.*]. He was detained by ICE on or about May 2, 2026. [*Id.* at ¶ 4]. He asserts the following claims in this habeas case: (1) a Fifth Amendment due process claim based on the termination of his parole; (2) a Fifth Amendment due process claim based on his detention without a bond hearing; (3) a claim asserting a violation of

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, George Valdez is substituted into this case as the current Field Office Director for ICE's Denver Field Office.

the Administrative Procedure Act "and Tenth Circuit [p]recedent"; (4) a due process claim arguing impermissible retroactive application of a Board of Immigration Appeals decision; and (5) a Fourth Amendment claim.  [*Id.* at ¶¶ 148–70].  He seeks, among other things, a Court order directing Respondents to release him or provide him with a bond hearing.  [*Id.* at 34].

Upon review of the Petition, the Court concludes that good cause exists to enter an order preserving the Court's jurisdiction over this case pursuant to the Court's inherent authority to do so.  The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No.

11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **May 19, 2026**.  Petitioner shall promptly file proof of such service on the docket by **May 22, 2026**, and counsel for Respondents shall promptly enter their notices of appearance.  Within **seven days of service**, Respondents shall **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g., Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1)    Petitioner shall **SERVE** Respondents with a copy of the Petition on or before **May 19, 2026** and shall file proof of service on or before **May 22, 2026**;

(2)    Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted;

(3)    Any reply shall be filed no later than **seven days** after the Response is filed; and

(4)    Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.


DATED:  May 14, 2026                              BY THE COURT:

_____
Nina Y. Wang
United States District Judge