**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02075-NYW

NICOLAS SANTIAGO ROJAS-OSPINA,

     Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
TODD LYONS,
MARKWAYNE MULLIN,
TODD BLANCHE, and
DAREN K. MARGOLIN,

     Respondents.

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 7], and Petitioner has filed a reply, [Doc. 8]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

### BACKGROUND

Petitioner Nicolas Santiago Rojas-Ospina ("Petitioner" or "Mr. Rojas-Ospina") is a Colombian national who entered the United States in 2022, was apprehended at the border, and placed in standard removal proceedings. [Doc. 1 at ¶¶ 2, 47]. On September 26, 2022, an ICE officer conducted a custody review and released Petitioner on a $3,000 bond, based upon a credible-fear finding, after Petitioner "enroll[ed] in the Alternatives to Detention ('ATD') program." [*Id.* at ¶¶ 2, 48–49].

Mr. Rojas-Ospina was fully compliant with the conditions of his release, but he was detained by ICE on or about May 2, 2026 during a routine traffic stop. [*Id.* at ¶¶ 3–7]. However, Respondents have never provided written notice of termination or revocation of Petitioner's parole. [*Id.* at ¶ 10]. Mr. Rojas-Ospina argues that Respondents "have cited no statutory authority for his re-detention" and "have offered [him] no opportunity to be heard." [*Id.* at ¶¶ 11–12 (emphasis omitted)].

Petitioner argues that (1) the termination of his parole through his re-detention was unlawful and in violation of his Fifth Amendment due process rights; [*id.* at ¶¶ 148–51]; (2) alternatively, if his release in September 2022 amounts to a release on bond under 8 U.S.C. § 1226(a), then he is entitled to a custody redetermination hearing under 8 C.F.R. § 1236.1(d), and Respondents' failure to provide a hearing violates his due process rights, [*id.* at ¶¶ 152–58]; (3) his re-detention violates the Administrative Procedure Act, [*id.* at ¶¶ 159–63]; (4) his re-detention constitutes an impermissible retroactive application of a Board of Immigration Appeals decision, in violation of his due process rights, [*id.* at ¶¶ 164–66]; and (5) his arrest violated his Fourth Amendment rights, [*id.* at ¶¶ 167–70].

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

Mr. Rojas-Ospina argues, in pertinent part, that his re-detention effectively terminated his parole and that Respondents failed to comply with regulatory requirements in their termination of his parole. [Doc. 1 at ¶¶ 148–51]. And because he has a liberty interest in remaining out of custody under the terms and conditions of his parole, he contends that the improper revocation of his parole violated his due process rights. [*Id.*].

Strikingly, Respondents completely fail to address this argument or any of the unique circumstances in this particular case. Instead, they cursorily assert that "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention . . . under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing," and that "[t]his issue is not materially different from an issue this Court has resolved previously in" *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). *See* [Doc. 7 at 2]. But even the briefest glance at Mr. Rojas-Ospina's Petition demonstrates that this case is indeed different from the circumstances presented in *Loa Caballero* in many respects.

Specifically, Mr. Rojas-Ospina asserts that he was granted humanitarian parole under 8 U.S.C. § 1182(d)(5). *See* [Doc. 1 at ¶ 18]. He also claims that Respondents have provided no written notice of termination or revocation of his parole. [*Id.* at ¶ 10]. Respondents do not contest this, nor do they argue that Mr. Rojas-Ospina's parole automatically expired on a certain date. *See* [Doc. 7]. In fact, Respondents do not

address Mr. Rojas-Ospina's parole at all.  *See* [*id.*].  Nor do Respondents address the fact that Mr. Rojas-Ospina was originally detained upon arrival to the country and subsequently released; notably, they do not attempt to characterize the legal nature of his original custody or release or explain why—if Petitioner is, as they claim, "subject to mandatory detention under § 1225(b)," *see* [*id.* at 2], why Petitioner was ever released in the first place, *see* [*id.*].[1]  By failing to engage with the actual facts and circumstances of this case, Respondents have waived any argument in opposition to most of Petitioner's arguments in favor of release from custody.  *See Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.")

With no argument in opposition to Petitioner's first claim, the Court concludes that Respondents violated Petitioner's Fifth Amendment rights by revoking his parole without notice and limits its analysis accordingly.

Humanitarian parole may be terminated automatically "at the expiration of the time for which parole was authorized" or through discretionary action of the Secretary of the Department of Homeland Security.  8 C.F.R. § 212.5(e).  When a person's parole expires according to its terms, it is "automatically terminated," and no written notice is required. *Id.* § 212.5(e)(1)(ii).  Alternatively, parole may be terminated if "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United

---

[1] Respondents also "rely upon, and incorporate by reference, the legal arguments Respondents presented on this issue in *Mendoza Gutierrez v. Baltazar*, No. 25-cv-02720-RMR, ECF No. 26 at 10–19." [Doc. 7 at 4].  The arguments raised in the *Mendoza* brief are not responsive to Petitioner's argument here.

States." *Id.* § 212.5(e)(2)(i).    However,  termination  under  this  provision  must  be accomplished through written notice. *Id.* This notice may be provided through a "charging document," which applicable regulations define as a "written instrument which initiates a proceeding before an Immigration Judge." *Id.*; *see also* 8 C.F.R. § 244.1.

Because  Respondents  do  not  address  Petitioner's  parole  status  or  his  parole-related arguments at all, they necessary cannot—and do not—argue (or provide evidence showing) that Petitioner was given the written notice required by regulation.  *See* [Doc. 7].  The Court thus concludes that Petitioner's re-detention without the required written notice violated 8 U.S.C. § 1182(d)(5)(A).  *See Rassul v. Field Off. Dir.*, No. 25-cv-00232-DLB, 2026 WL 834737, at *5 (E.D. Ky. Mar. 26, 2026); *Alcide v. de Anda-Ybarra*, No. 1:26-cv-00249-KWR-GBW, 2026 WL 622663, at *4 (D.N.M. Mar. 5, 2026) ("[B]ecause there is no evidence that Petitioner ever received written notice, or that any written notice was ever sent to him, Petitioner's parole was not properly terminated when he was arrested and detained.").

Furthermore,  Respondents'  re-detention  of  Petitioner  without  written  notice  of termination of his parole violated Petitioner's Fifth Amendment due process rights.  The Due Process Clause prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "The Supreme Court has repeatedly held that the Due Process Clause extends to all persons, regardless of citizenship status." *Rassul*, 2026 WL 834737, at *5 (citing *A.A.R.P. v. Trump*, 605 U.S. 91,  94  (2025)).    Relevant  here,  "[i]ndividuals  released  on  parole  or  other  forms  of conditional release have a liberty interest in their 'continued liberty.'" *Iza v. Arnott*, No. 6:25-cv-3392-MDH, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) (quoting *Morrissey v.*

*Brewer*, 408 U.S. 471, 482 (1972)).  And "courts across the country routinely hold that (1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release." *Izquierdo Navarro v. Bondi*, No. 25-cv-04210-NYW, 2026 WL 468582, at *3 (D. Colo. Feb. 18, 2026) (footnote omitted) (collecting cases); *cf. also Tojin-Lux v. Lyons*, No. 26-cv-01868-PAB, 2026 WL 1469200, at *5 (D. Colo. May 26, 2026) (finding immediate release appropriate where respondents revoked the petitioner's order of supervision without the required notice).

The Court concludes that Mr. Rojas-Ospina "has a substantial interest in his parole being terminated in accordance with regulatory procedures."  *Alcide*, 2026 WL 622663, at *6.  And this liberty interest was infringed when Respondents re-detained him without the written notice required by 8 C.F.R. § 212.5(e)(2)(i).  "Since Petitioner is unlawfully detained until his parole is terminated in accordance with 8 C.F.R. § 212.5(e)(2)(i), the appropriate remedy, if not the only remedy, is immediate release."  *Id.* at *7; *see also Rassul*, 2026 WL 834737, at *6 ("Rassul's detention violates the due process rights afforded to him by the Fifth Amendment and he is therefore entitled to be released from ICE custody.").

It is therefore **ORDERED** that the Petition is **GRANTED in part** with respect to Petitioner's first claim.  It is further **ORDERED** that Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order.  On or before **June 11, 2026**, the

Parties shall file a joint status report confirming compliance with this Order and informing the Court whether any further proceedings are required in this case.[2]

### CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1)   The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2)   Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order; and

(3)   On or before **June 11, 2026**, the Parties shall file a joint status report confirming compliance with this Order and informing the Court whether any further proceedings are required in this case.

DATED:  June 4, 2026                    BY THE COURT:

Nina Y. Wang
United States District Judge

---

[2] To the extent Petitioner asks the Court to award him attorney's fees under the Equal Access to Justice Act, [Doc. 1 at 35], this District's Local Rules require that a request for attorney's fees be made by separate motion, *see* D.C.COLO.LCivR 54.3.  Petitioner also asks this Court to "[e]njoin Respondents from re-detaining Petitioner absent lawful authority and compliance with required statutory and constitutional procedures."  [Doc. 1 at 34].  This request is not accompanied by substantive argument, so the Court declines to grant this relief at this time.